RECEIVED
USDC W... ...CT OF LA
TONY ... ...OHE, CLERK
DATE 2/16/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BERNARD TATE, JR.<br>LA. DOC. #103454 | DOCKET NO. 11-CV-1431; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| C/O COLTON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Bernard Tate, Jr., filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 2, 2011. He was granted leave to proceed in forma pauperis on August 17, 2011. [Doc. #4] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), and he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff names as defendants Officer Colton, Tim Wilkinson, and Corrections Corporation of America. He claims that the defendants violated his constitutional rights by failing to protect him from harm inflicted by another inmate. In compliance with this Court's order, Plaintiff submitted a supplemental/amending complaint on December 22, 2011.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff alleges that, on February 4, 2011, he was involved in an altercation with inmate Christopher Johnson in the prison

kitchen. Johnson left the kitchen, returned to the unit, and told other inmates that he was going to attack Plaintiff. He then returned to the kitchen, got a cooking paddle, and snuck up behind Plaintiff. He hit Plaintiff in the head and face with the paddle. After being hit, Plaintiff went in search of the security officer to report the incident. He learned that security was in the "count room" instead of at his post. Therefore, he had to report the incident to the administrative food service manager who investigated the incident and filed a disciplinary report. As a result of the incident, Plaintiff claims to suffer from a permanent scar and frequent migraine headaches. [Doc. #1, p.4; Doc. #8, p.1]

Plaintiff claims that Johnson had a history of attacking inmates and staff, that the warden knew of Johnson's history, and that the prison has no proper system in place to determine if inmates can live together after altercations. [Doc. #1, p.5]

### Law and Analysis

For an inmate to state a constitutional claim of failure to prevent harm, he must allege that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official was "deliberately indifferent" to his health or safety. A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). To "know of" a risk, an official must be subjectively aware of the risk to

Plaintiff: that is, the official must both be aware of facts from which the inference could be drawn that Petitioner faces a substantial risk of serious harm, and he must also draw the inference. Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003).

Plaintiff has not alleged that he was incarcerated under conditions posing a substantial risk of serious harm. He claims that Officer Colton was not at his assigned post in the kitchen when the fight occurred. Still, there were two food service managers in the kitchen (one of whom issued a disciplinary report). Plaintiff cannot show that the absence of Colton posed a substantial risk of serious harm to him or that the attack would not have occurred anyway had Colton been at his post.

Even assuming, arguendo, that Plaintiff *was* incarcerated under conditions posing a substantial risk of serious harm, Plaintiff could not meet the second element of the Farmer test. A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Farmer at 837. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003).

3

The deliberate indifference standard is "an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has declined to find deliberate indifference where an official "should have" inferred a risk posed to an inmate. Adames, 331 F.3d at 514; see also Farmer, 511 U.S. at 838; Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Although an inmate can prove the requisite knowledge by showing that conduct or occurrences were "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" such that officials had subjective knowledge of the complained risk. See Farmer, 511 U.S. at 842-43 (internal quotation marks omitted); Adames, 331 F.3d at 512.

Plaintiff does not allege that the defendants were aware that *he* was at a substantial risk of serious harm from Johnson. He alleges, generally, that Inmate Johnson had a history of attacking other inmates. However, "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, '[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do ... unless all prisoners are locked in their cells 24 hours a day and sedated." See Farmer 511 U.S. 858-9, J. Thomas, concurring; citing McGill v. Duckworth, 944 F.2d 344, 348 (CA7 1991). Plaintiff does not allege that he had any prior run-

4

ins with Johnson or that any defendant knew that Plaintiff was at risk of being harmed by Johnson. His allegations amount to claims of negligence.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code, as well as Rule 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association**, 79 F.3d 1415

**(5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___16th___ day of February, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE